CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 29 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CEDRICK DRAPER, | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00009 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES POSTAL SERVICE, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

The United States Postal Service (Postal Service) has moved to quash a subpoena that the pro se plaintiff, Cedrick Draper, issued to David Ayers in his official capacity as a Postal Service employee. In response to that motion, Draper has filed a motion for writ of mandamus compelling the Postal Service to produce the documents identified in the subpoena. For the following reasons, the court will grant the motion to quash and deny the motion for writ of mandamus.

## Background

In January of 2018, Draper filed this employment discrimination action against the Postal Service in the General District Court for the City of Charlottesville. The Postal Service removed the case to this court on February 12, 2018. By letter dated March 9, 2018, an Assistant United States Attorney (AUSA) advised Draper that service had not been properly effected in accordance with the Federal Rules of Civil Procedure. See 39 U.S.C. § 409(b) (requiring that the Postal Service be served in the same manner in which one would serve the United States under federal law). The AUSA recommended that Draper consult Federal Rule of Civil Procedure 4(i),

which sets forth the requirements for serving the United States and its agencies, corporations, officers, or employees.

On May 10, 2018, the court entered an order directing Draper to serve the Postal Service and provide proof of service to the court by May 28, 2018. On May 16, 2018, after receiving a response from the plaintiff, the court issued another notice advising the plaintiff that he had not provided proof of service in accordance with Rule 4(i), and that the case would be dismissed without prejudice if he did not comply with the court's previous order.

On May 13, 2018, Draper signed and docketed a subpoena directing David Ayers, a Postal Service employee, to appear for deposition on June 1, 2018 and to produce certain documents. The Postal Service moved to quash the subpoena on May 18, 2018. That same day, Draper filed a response to the motion, along with a motion for writ of mandamus directing the Postal Service to produce the documents identified in the subpoena.

### Discussion

#### I.   Motion to Quash

The Postal Service asserts that the subpoena issued by Draper should be quashed for several reasons. For the following reasons, the court agrees.

First, the subpoena is not valid because Draper did not comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure. Rule 45 requires that a subpoena be issued and signed by the "clerk" or an "attorney . . . authorized to practice in the issuing court." Fed. R. Civ. P. 45(a)(3). The subpoena in question was signed only by the pro se plaintiff. Because Draper is not an attorney authorized to practice in the Western District of Virginia, the subpoena

2

is invalid.[1] See United States v. Meredith, No. 99-3079, 1999 U.S. App. LEXIS 12046, at *4 (10th Cir. June 11, 1999) ("A pro se litigant who is not a licensed attorney with the appropriate court has no power to issue subpoenas. Accordingly, the subpoenas completed by Meredith were invalid.").

Second, Draper's efforts to depose a Postal Service employee and compel the production of documents are premature. Although Rule 45 is silent as to when subpoenas may be issued, subpoenas are discovery devices and, as such, are generally subject to the provisions of Federal Rule of Civil Procedure 26(d) governing the start of discovery. Knott v. Nationstar Mortg., LLC, No. 5:15-cv-00043, 2017 U.S. Dist. LEXIS 73580, at *3 (W.D.N.C. May 15, 2017); see also Mort. Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002) (adopting the rule followed by the majority of jurisdictions and holding that "a Rule 45 subpoena does in fact constitute discovery"); Robinson v. Equifax, No. 4:10-cv00084, 2011 U.S. Dist. LEXIS 7656, at *13 (E.D.N.C. Jan. 24, 2011) (holding that a subpoena was procedurally premature under Rule 26(d)). Rule 26(d) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."[2] Fed. R. Civ. P. 26(d)(1). In this case, proper proof of service has not been filed, the Postal Service has not responded to the complaint, and there has been no Rule 26(f) conference. Accordingly, discovery is premature.

---

[1] The court also notes that Draper is not authorized to serve any subpoena issued in this action, since he is a named party. See Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena.") (emphasis added).

[2] Draper does not contend that any exceptions to the time limitation apply here.

3

Finally, to the extent Draper seeks to obtain copies of policies or other documents maintained by the Postal Service, a subpoena is generally not the proper vehicle for obtaining discovery from the opposing side. See Fed. R. Civ. P. 34(c) (authorizing parties to issue document subpoenas to nonparties). Instead, Rule 34 of the Federal Rules of Civil Procedure provides a separate mechanism by which a party may serve a request for production of documents on another party. See Fed. R. Civ. P. 34(a)–(b); see also Layman v. Junior Players Golf Acad., Inc., 314 F.R.D. 379, 385 (D.S.C. 2016) ("Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.") (citation and internal quotation marks omitted). As indicated above, the time for such discovery has not yet arrived. See Fed. R. Civ. P. 26(d) (governing the timing and sequence of discovery).

For all of these reasons, the court will grant the motion to quash.

## II. Motion for Writ of Mandamus

In response to the motion to quash, Draper filed a motion for writ of mandamus directing the Postal Service to provide the requested documents. It is well-settled that mandamus is a drastic remedy, which should only be used in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The United States Court of Appeals for the Fourth Circuit has held that the federal mandamus statute, 28 U.S.C. § 1361, "may be invoked only where three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988). Because none of these elements are present in the instant case, and Draper has

not otherwise shown the existence of an extraordinary circumstance, the court will deny his motion for writ of mandamus.

## **Conclusion**

For the reasons stated, the court will grant the Postal Service's motion to quash and deny Draper's motion for writ of mandamus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This _____ day of May, 2018.

_____
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| CEDRICK DRAPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:18CV00009 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED**

as follows:

1.  The motion to quash filed by the United States Postal Service (Docket No. 22) is **GRANTED**; and

2.  The plaintiff's motion for writ of mandamus (Docket No. 23) is **DENIED**.

The Clerk is directed to send a copy of this order and the accompanying memorandum opinion to the plaintiff and all counsel of record.

DATED: This _____ day of May, 2018.

_____
Senior United States District Judge

not otherwise shown the existence of an extraordinary circumstance, the court will deny his motion for writ of mandamus.

## Conclusion

For the reasons stated, the court will grant the Postal Service's motion to quash and deny Draper's motion for writ of mandamus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 25th day of May, 2018.

Senior United States District Judge

5