CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 31 2018

JULIA C. DUDLEY, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CEDRICK DRAPER, | ) |
| Plaintiff, | ) Civil Action No. 3:18CV00009 |
| v. | ) **MEMORANDUM OPINION** |
| UNITED STATES POSTAL SERVICE, | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant. | ) |

Cedrick Draper, proceeding pro se, filed this action against the United States Postal Service (Postal Service) in the General District Court for the City of Charlottesville. The Postal Service removed the case to this court on February 12, 2018. By letter dated March 9, 2018, an Assistant United States Attorney (AUSA) advised the plaintiff that it appeared that service had not been properly effected in accordance with the Federal Rules of Civil Procedure. The AUSA recommended that the plaintiff consult Federal Rule of Civil Procedure 4(i), which sets forth the requirements for serving the United States and its agencies, corporations, officers, or employees. The AUSA also supplied the names of employees designated to accept service of process on behalf of the United States Attorney for the Western District of Virginia.

The plaintiff responded by letter dated March 15, 2018. In his letter, the plaintiff acknowledged that the Postal Service had not been properly served with process, and he "apologize[d]" for the "error." Docket No. 9. Nonetheless, the plaintiff filed a motion for summary judgment against the Postal Service that same day.

By order entered May 10, 2018, the court denied the motion for summary judgment, and directed Draper to serve the Postal Service and provide proof of service to the court by May 28,

2018.[1] On May 16, 2018, after receiving a response from Draper, the court issued another notice advising Draper that he had not provided proof of service in accordance with Rule 4(i), and that the case would be dismissed without prejudice if he did not comply with the court's previous order.

The extended deadline for effecting service has passed, and Draper has failed to establish that the Postal Service was properly served with process. By statute, the Postal Service must be served "in the same way one would serve the United States under the Federal Rules." Douglass v. United States Postal Serv., No. 3:17-cv-00250, 2017 U.S. Dist. LEXIS 77011, at *2 (N.D. Ind. May 22, 2017) (citing 39 U.S.C. § 409(b)); see also Marcus v. Postmaster Gen., 461 F. App'x 820, 821 (11th Cir. 2011) (holding that the Postal Service must be served in accordance with Rule 4(i)). To serve the United States, a plaintiff must send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States and deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1). Delivery to the United States Attorney may be effected by (1) delivering a copy of the summons and complaint to the United States Attorney; (2) delivering a copy of the summons and complaint to an AUSA or clerical employee designated by the United States Attorney in a writing filed with the court clerk; or (3) sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's office. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

On May 17, 2018, Draper filed a self-styled "certificate of service," along with a package receipt from a United Parcel Service (UPS) store. Docket No. 21. However, neither the certificate nor the UPS receipt indicates that the Postal Service was properly served with process.

---

[1] Based on the filing date of the notice of removal, Draper had until May 14, 2018 to accomplish service on the Postal Service. However, in light of his pro se status and the particular circumstances presented, the court extended the time for Draper to properly serve the Postal Service until May 28, 2018.

2

The tracking number on the receipt reveals only that a package was delivered to an unknown address in Roanoke, Virginia on May 18, 2018, which does not meet the requirements of Rule 4(i). In short, Draper has consistently failed to establish that "a copy of the summons and of the complaint" was sent to the Attorney General of the United States in Washington, D.C. or delivered to an appropriate person in the United States Attorney's office. Fed. R. Civ. P. 4(i)(A).

The court has advised Draper on multiple occasions that he must satisfy the service requirements of Rule 4(i).[2] Despite receiving an extension of time in which to serve the Postal Service, he has not provided proof of service in accordance with the federal rule. Accordingly, pursuant to Rule 4(m) and the court's previous order, the court will dismiss the action without prejudice. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 31st day of May, 2018.

_____
Senior United States District Judge

---

[2] Although the Postal Service may be aware of the pending action, "[a]ctual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff." Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 305 (4th Cir. 2016). Likewise, "[t]he filing of a removal petition does not cure a defect in service or constitute a waiver of the right to object to service of process." Nasser v. Whitepages, Inc., No. 5:12-cv-00097, 2013 U.S. Dist. LEXIS 73697, at *5 (W.D. Va. May 23, 2013) (citing City of Clarksdale v. BellSouth Telecomm., Inc., 428 F.3d 206, 214 n.15 (5th Cir. 2005)).

3